Lynn O. COOMBS, Appellant,

v.

Lou KEKENESS, Leroy Jackson and Skinker Motor Company, Inc. a body corporate, Appellees.

No. 2749.

Municipal Court of Appeals for the District of Columbia.

Submitted April 2, 1962.

Decided May 25, 1962.

Lynn O. Coombs, Washington, D. C., pro se.

John C. Poole, Washington, D. C., for appellees Kekeness and Skinker Motor Co.

No appearance for appellee Jackson.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant brought this action to recover damages allegedly arising from the conversion of an automobile by appellees. A conditional sales contract was entered into by appellant with appellee Skinker Motor Company for the purchase of the automobile. Appellant took delivery and immediately thereafter transferred possession to appellee Jackson, whose credit had been unacceptable to Skinker. At the conclusion of appellant's case the trial court found for Skinker and its salesman Kekeness, and at the conclusion of all the evidence entered a finding for Jackson. This appeal is from the trial court's order of October 24, 1960, which, in part, denied appellant's motion for new trial on the ground that it was not seasonably filed as to Skinker and Kekeness, and ordered the entry of judgment in favor of Jackson.

On September 29, 1960, at the conclusion of appellant's case, appellees moved for a finding in their favor. The trial court granted Skinker and Kekeness's motion and denied Jackson's. On September 30, during the course of the proceedings against Jackson, appellant moved the court to reconsider its earlier finding for Skinker and Kekeness on the basis of certain evidence introduced by Jackson. The court reconsidered and reaffirmed its earlier finding. At appellant's request the court made the finding for Skinker and Kekeness final under Municipal Court Rule 54(b), effective as of September 29. At the conclusion of all the evidence the court found in favor of Jackson. Pursuant to Municipal Court Rules 58 and 6(a), judgment was entered for Skinker and Kekeness on October 5. On this same day appellant filed a motion for new trial. Under Municipal Court Rules 59(b) and 6(a) appellant was re-

quired to file a motion for new trial not later than October 4. Having filed the motion on October 5, appellant failed to seasonably move for a new trial except as to the finding for Jackson which had been entered on September 30. Thereafter, on October 24, the court denied appellant's motion for new trial, noting that as to the finding for Skinker and Kekeness, the motion had not been seasonably filed. At this time judgment was entered for Jackson. On October 29, appellant filed notice of appeal.

Appellant urges that the trial court erred in denying his motion for new trial on the ground that it was not seasonably filed. He contends that under our Rule 27(d) the time for filing a motion for new trial must run from September 30, the date the trial court entertained and disposed of his motion to reconsider or modify the earlier finding for Skinker and Kekeness. However, Rule 27(d) provides that "When a motion has been seasonably filed for a new trial, * * * or to vacate or modify the * * * finding, * * * the times specified [for filing notice of appeal] in sections (a), * * * shall not begin to run until disposition of such motion." The application of Rule 27(d) is conditioned upon a timely motion for new trial; it is not applicable in computing the time for filing a seasonable motion for new trial. Municipal Court Rule 59(b) provides that a motion for new trial "shall be filed not later than 4 days after entry of the finding or the verdict in the civil docket."

Appellant, a practicing attorney who was assisted by counsel at trial, had four days from the entry of the finding for Skinker and Kekeness in which to file a motion for new trial, plus an additional day under Rule 6(a). The motion was not filed until the sixth day, the very day that judgment was entered pursuant to Municipal Court Rule 58. The motion for new trial following the finding in favor of Skinker and Kekeness was not seasonably filed and was properly denied.

For the purposes of this appeal from the judgment in favor of Jackson, it is not necessary to recite the series of events following appellant's transfer of the automobile. Appellant in his claim against Jackson had the burden of proving that Jackson failed to return the automobile to him upon demand. The trial court's finding at the conclusion of all the evidence that appellant had not sustained this burden is substantially supported by the evidence and will not be disturbed.

Affirmed.